IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

DONNA S. K.,

                Plaintiff,

   v.                                        Civil Action No.
                                                    5:18-CV-1070 (DEP)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

_____

APPEARANCES:                                    OF COUNSEL:

FOR PLAINTIFF

OLINSKY LAW FIRM                     HOWARD D. OLINSKY, ESQ.
250 South Clinton Street               MELISSA A. PALMER, ESQ.
Suite 210
Syracuse, NY 13202

FOR DEFENDANT

HON. GRANT C. JAQUITH            SERGEI ADEN, ESQ.
United States Attorney for the      Special Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

ORDER

Currently pending before the court in this action, in which plaintiff

seeks judicial review of an adverse administrative determination by the Commissioner, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1] Oral argument was conducted in connection with those motions on August 20, 2019, during a telephone conference held on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by reference, it is hereby

ORDERED, as follows:

1) Plaintiff's motion for judgment on the pleadings is GRANTED.

2) The Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

Social Security Act, is VACATED.

3) The matter is hereby REMANDED to the Commissioner, without a directed finding of disability, for further proceedings consistent with this determination.

4) The clerk is respectfully directed to enter judgment, based upon this determination, remanding the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

_____
David E. Peebles
U.S. Magistrate Judge

Dated:   August 21, 2019
         Syracuse, NY

```
UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------------x
DONNA S. K.,

                                Plaintiff,

vs.                             5:18-CV-1070

COMMISSIONER OF SOCIAL SECURITY,

                                Defendant.
---------------------------------------------x
```

Transcript of a **Decision** held during a Telephone Conference on August 20, 2019, at the James Hanley Federal Building, 100 South Clinton Street, Syracuse, New York, the HONORABLE DAVID E. PEEBLES, United States Magistrate Judge, Presiding.

A P P E A R A N C E S

(By Telephone)

| | |
|---|---|
| For Plaintiff: | OLINSKY LAW GROUP<br>Attorneys at Law<br>250 S. Clinton Street, Suite 210<br>Syracuse, New York  13202<br>  BY:  MELISSA A. PALMER, ESQ. |
| For Defendant: | SOCIAL SECURITY ADMINISTRATION<br>Office of Regional General Counsel<br>Region II<br>26 Federal Plaza - Room 3904<br>New York, New York  10278<br>  BY:  SERGEI ADEN, ESQ. |

*Jodi L. Hibbard, RPR, CSR, CRR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York  13261-7367*
*(315) 234-8547*

1           (In Chambers, Counsel present by telephone.)
2           THE COURT: All right, thank you, I'll have to let
3   that be the last word. I thank you both for excellent
4   presentations.
5           I have before me a request for judicial review of
6   an adverse determination by the Acting Commissioner -- I'm
7   sorry, by the Commissioner pursuant to 42 United States Code
8   Section 405(g).
9           The background is as follows: Plaintiff was born
10  in October of 1954, she is currently 64 years of age,
11  although she was 61 years old at the time of the alleged
12  onset of her disability. Plaintiff is married. She lives in
13  Mattydale with her husband, a daughter, a stepdaughter,
14  sometimes another daughter, and a seven-month-old and
15  nine-year-old grandson. She stands 5 foot 7 inches in
16  height, weighs somewhere between 114 and 129 pounds.
17  Plaintiff has a high school education. She has a driver's
18  license, although she testified she's not driven in a year
19  and a half. She is right-hand dominant.
20          In terms of work, plaintiff has worked as a
21  bartender. The record is a little equivocal but it looks
22  like she worked from February 2007 to March 2016, on --
23  May 2016, I apologize, in that position. She was still
24  working in that position when she completed her functional
25  report, work history report. She was a part-time bartender.

1   She also worked as a receptionist at an insurance agency part
2   time from August 2007 until July 2015.
3          Medically, plaintiff suffers from several
4   impairments.  In October 2013, while bartending, she suffered
5   an injury to her hand which affected her nerves.  It was
6   deemed a Workers' Compensation injury and she was out on
7   Workers' Compensation because of it.  In December of 2013,
8   she underwent surgery to repair the nerve to her right index
9   digit.  January 2015, she had another procedure on the right
10  index finger.  Plaintiff also suffers from pain including in
11  her hip, left shoulder, right knee, wrists, bilaterally in
12  her hands, and lumbar back.  In March of 2016, plaintiff was
13  bit by a dog and sought emergency room treatment.  At the
14  time she was diagnosed with cellulitis.  In or about May of
15  2016, she was diagnosed as suffering from rheumatoid
16  arthritis, although at page 346 there's reference to the
17  possibility that she may have been diagnosed with arthritis
18  15 to 20 years ago.  She also suffers from carpal tunnel
19  syndrome, which was revealed in electrodiagnostic testing
20  occurring in December of 2015.  It was characterized as mild.
21  Plaintiff suffers from COPD.
22         The plaintiff has sought treatment from various
23  sources over time.  She has received treatment from SOS, an
24  orthopedic group, including Dr. Brett Greenky and Dr. J. Alan
25  Lemley.  She began treating at St. Joseph's Family Medicine

1   in July of 2016, including with Nurse Practitioner Donna
2   Devine.  She was also treated, beginning in about April of
3   2016, at the East Syracuse Community Health Center with Nurse
4   Practitioner Lorna Forbes.  She has been seen by specialists
5   including Upstate Rheumatology, Dr. Eduardo Bonita-Trejos,
6   and Dr. Deepali Sharma, and at New York Spine & Wellness by
7   Dr. Robert Tiso, Nurse Practitioner Shelyta Davis.
8           In terms of medication, she has been prescribed
9   Humira, Prednisone, Meloxicam, Lovenox, Mobic, Arava,
10  Plaquenil, Tramadol, Methotrexate, Cymbalta, Vistaril,
11  fentanyl, and Butrans patches and oxymorphone.
12          Plaintiff smokes and has for 40 years, although it
13  is fairly limited, according to her, to three to five
14  cigarettes daily.  She has been advised by her health care
15  providers to stop smoking.  Plaintiff testified to and
16  recounted to Dr. Ganesh a very limited number of activities
17  of daily living, including at page 377 of the administrative
18  transcript and during her testimony.  She does not do chores.
19  She can shower, she can dress, she sometimes needs
20  assistance.  She watches television, she can socialize, she
21  plays Scrabble, needs help with her hair and with dressing,
22  and cannot shop other than through use of a wheelchair cart.
23          Procedurally, plaintiff applied for Title II
24  Disability Insurance benefits on March 29, 2016, alleging a
25  disability onset date of January 13, 2016, and alleging

1    severe arthritis of the rheumatoid nature as the basis for
2    her disability application.
3            A hearing was conducted on August 23, 2017 by
4    Administrative Law Judge Elizabeth Koennecke.  The
5    administrative law judge issued an unfavorable decision on
6    September 21, 2017.  That became a final determination of the
7    agency on July 6, 2018 when the Social Security
8    Administration Appeals Council denied plaintiff's request for
9    review.
10           In her decision, ALJ Koennecke applied the familiar
11   five-step test for determining disability.  She first
12   concluded that plaintiff's last date of insured status was
13   September 30, 2020.
14           At step one she found that plaintiff had not
15   engaged in substantial gainful activity since the alleged
16   onset of her disability, although acknowledged that plaintiff
17   did undertake some work as a bartender in March of 2016 into
18   early April 2016.
19           At step two, ALJ Koennecke found that plaintiff
20   suffers from a severe impairment including rheumatoid
21   arthritis.
22           At step three, she concluded, however, that the
23   condition did not meet or medically equal any of the listed
24   presumptively disabling conditions set forth in the
25   Commissioner's regulations.

1        After surveying the record, ALJ Koennecke concluded
2   that plaintiff retains the residual functional capacity, or
3   RFC, to perform a full range of light work as defined in the
4   Commissioner's regulations.
5        She then concluded at step four that plaintiff is
6   capable of performing her past relevant work as a
7   receptionist and therefore is not disabled.
8        As you know, my task is limited to determining
9   whether correct legal principles were applied, and the result
10  is supported by substantial evidence.
11       The first argument raised was an interesting one
12  and I enjoyed working on it.  Plaintiff argues that
13  Administrative Law Judge Koennecke, like all of the
14  administrative law judges with the agency, were not properly
15  appointed under Article II, Section 2, Clause [2] of the
16  Constitution, which specifically required that all public
17  ministers, consuls, judges, and other officers of the United
18  States other than those that are provided for in the first
19  sentence shall be as provided by law, but Congress may by law
20  vest the appointment of such inferior officers, as they think
21  proper, in the President alone, in the courts of law, or in
22  the heads of departments.  Your argument being that the
23  administrative law judge in this case was not appointed by a
24  court, by the President, or by the Commissioner of Social
25  Security.  The argument centers upon the Supreme Court's

1   decision in *Lucia*, which came down in June of 2018, and
2   involved SEC administrative law judges.  That case followed
3   an earlier decision of the Supreme Court, *Freytag v.*
4   *Commissioner* from 1991 involving the Commissioner of Internal
5   Revenue.
6       The case law indicates that any challenge under
7   this provision must be timely.  The Supreme Court addressed
8   the argument in *Lucia*, and there is no argument that under
9   *Lucia*, the Acting Commissioner or Commissioner of Social
10  Security did not properly appoint the administrative law
11  judge in this case.  The list of administrative law judges,
12  including ALJ Koennecke, was ratified by the Commissioner in
13  July of 2018.  The Social Security Administration has issued
14  guidance, SSR 19-1p, that came in March of 2019 as to how to
15  handle challenges.
16      I recognize that there are a minority of cases that
17  say that the argument is not waived if the issue is not
18  raised before the agency, but the vast majority of decisions
19  that have come down so far find a waiver if the matter was
20  not properly raised before the agency.
21      *Lucia* was not new law, it didn't represent a
22  significant change in the law.  As I indicated before, it
23  followed *Freytag* and therefore should reasonably have been
24  anticipated.
25      I conclude that the failure of the plaintiff to

25

1  raise the issue before the agency results in a waiver of the
2  argument.
3       The next issue really is the heart of this case
4  which is the handling of Dr. Ganesh's opinion, and in this
5  case I find that the administrative law judge's reasoning was
6  flawed and is troublesome.  She acknowledges that the only
7  significant medical opinion came from Dr. Ganesh, but at
8  page 18 acknowledges that the claimant appeared legitimately
9  limited when observed during the hearing.  The administrative
10 law judge then goes on to acknowledge that the medical record
11 does provide some support for some of the plaintiff's
12 allegations regarding pain and limitations, and goes through,
13 the next several pages, the medical records that indeed seem
14 to support plaintiff's claims concerning debilitating pain.
15      The administrative law judge then discounts
16 plaintiff's claims by pointing to her part-time work as a
17 bartender, the fact that she smokes and therefore must be
18 able to finger objects, and claiming that she ceased working
19 at her insurance job only because the office closed.
20      As defendant points out, however, plaintiff didn't
21 claim that she was disabled in July of 2015 or in December of
22 2015, so one questions the relevance of the fact that she
23 lost that position due to a closure.  She doesn't appear to
24 have been diagnosed and have suffered from the aggravated
25 pain that came on later until 2016, when she claims her onset

1   date.
2           In my view, although I understand the plaintiff has
3   the burden under *Poupore* to establish her limitations, in my
4   view, it was error to rely on Dr. Ganesh's opinion, when even
5   she acknowledged that her observations, which are properly
6   considered under 20 C.F.R. Section 404.1529(c)(3), it was
7   improper to rely heavily upon Dr. Ganesh.
8           There are several options that were open to the
9   plaintiff -- to the ALJ and I believe the ALJ failed in her
10  duty to complete the record.  She could have requested a
11  medical source statement from one or more of the medical care
12  providers.  Plaintiff apparently attempted to obtain them
13  without success.  The ALJ had the power to subpoena those
14  records.  Secondly, another consultative examination could
15  have been requested.  And thirdly, a medical expert could
16  have been presented with interrogatories and the medical
17  records and asked to opine concerning plaintiff's
18  limitations.
19          The -- for the same reason I find that the analysis
20  of plaintiff's subjective complaints did not comply with the
21  regulations, the one paragraph on page 20 summation as to why
22  ALJ Koennecke rejected those subjective complaints in my view
23  is insufficient.
24          So I will grant judgment on the pleadings to the
25  plaintiff and remand the matter to the Commissioner without a

1   directed finding of disability, and I note that, like the
2   District of Connecticut in *Johnson v. Berryhill*, 2019 WL
3   1430242, I will leave it to the discretion of the Social
4   Security Administration Appeals Council as to whether to
5   direct that the matter be assigned to a new administrative
6   law judge.  I'm not going to require it because of my finding
7   that the argument concerning the appointments clause has been
8   waived.
9           Thank you both again for excellent presentations, I
10  hope you enjoy the rest of your summer.  Thank you.
11          MS. PALMER:  Thank you, your Honor.
12          MR. ADEN:  Thank you, your Honor.
13              (Proceedings Adjourned, 2:43 p.m.)

|    |                                                          |
|----|----------------------------------------------------------|
| 1  | CERTIFICATE OF OFFICIAL REPORTER                         |
| 2  |                                                          |
| 3  |                                                          |
| 4  | I, JODI L. HIBBARD, RPR, CRR, CSR, Federal               |
| 5  | Official Realtime Court Reporter, in and for the         |
| 6  | United States District Court for the Northern            |
| 7  | District of New York, DO HEREBY CERTIFY that             |
| 8  | pursuant to Section 753, Title 28, United States         |
| 9  | Code, that the foregoing is a true and correct           |
| 10 | transcript of the stenographically reported              |
| 11 | proceedings held in the above-entitled matter and        |
| 12 | that the transcript page format is in conformance        |
| 13 | with the regulations of the Judicial Conference of       |
| 14 | the United States.                                       |
| 15 |                                                          |
| 16 | Dated this 21st day of August, 2019.                     |
| 17 |                                                          |
| 18 |                                                          |
| 19 | /S/ JODI L. HIBBARD                                      |
| 20 | JODI L. HIBBARD, RPR, CRR, CSR                           |
|    | Official U.S. Court Reporter                             |
| 21 |                                                          |
| 22 |                                                          |
| 23 |                                                          |
| 24 |                                                          |
| 25 |                                                          |